UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TUAN VU TRAN,

    PLAINTIFF,

v.

COLLEGE AVENUE STUDENT LOAN
SERVICING, LLC, *ET AL.*,

    DEFENDANT(S).

Case No.:

4:24-cv-4709

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

    The parties conducted the conference telephonically on February 4, 2025. The following counsel attended the conference:

- Micah S. Adkins, on behalf of Plaintiff Tuan Vu Tran ("Plaintiff");

- Cheryl L. Blount, on behalf of Defendant College Avenue Student Loan Servicing, LLC ("College Ave");

- Nathan W. Richardson, on behalf of Defendant Experian Information Solutions, Inc. ("Experian"); and,

- Marc Kirkland, on behalf of Defendant Trans Union LLC ("Trans Union").

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

**3. <u>Briefly</u> describe what this case is about.**

1

Plaintiff: Plaintiff has brought his claims against the defendants under the Fair Credit Reporting Act, 15 U.S.C §§ 1681, et seq. ("FCRA").  The FCRA requires that when a consumer reporting agency ("CRAs"), such as Experian or Trans Union, prepares a consumer report, it must "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b). The FCRA also requires that when a consumer notifies a reporting agency that he or she disputes the accuracy or completeness of any item of information that appears in the consumer's file, the consumer reporting agency must "conduct a reasonable reinvestigation" of the disputed information to determine if the information is accurate.   15 U.S.C. § 1681i.  The FCRA requires CRAs to block disputed items of information after receipt of an identity theft report. 15 U.S.C. § 1681c-2.

The FCRA also requires "furnishers" of information, such as Defendant College Ave to perform a reasonable investigation of disputed information upon notice from a CRA.  15 U.S.C. § 1681s-2(b). Furnishers also must report accounts in dispute after the receipt of a bona fide dispute. 15 U.S.C. § 1681s-2(b)(E).

Plaintiff is a victim of identity theft. Plaintiff discovered inaccurate items information on his Experian and Trans Union ("CRA Defendants") credit reports.  The information is false because it relates to an impostor - not Plaintiff.  Plaintiff disputed the inaccurate information to the defendants. Notwithstanding, said defendants failed, inter alia, to delete, reasonably reinvestigate or block the disputed items of information in response to Plaintiff's disputes and in accordance with the FCRA.  Plaintiff provided Trans Union with an identity theft report in support of his dispute. Trans Union failed to block all of the disputed items of information after receipt of Plaintiff's dispute and identity theft report. The CRA Defendants continued to prepare consumer reports with the disputed and fraudulent items of information after notice from Plaintiff. CRAs notified College Ave of Plaintiff's disputes.  Notwithstanding, said defendant verified the inaccurate information to the CRA Defendants and the CRA Defendants parroted the furnisher's investigation results as their own.  Likewise, College Ave failed to report the accounts to CRAs as disputed by Plaintiff.

As a result of Defendants' violations, Plaintiffs suffered multiple distinct injuries resulting in actual damages, including adverse credit actions, damage to his credit worthiness, loss of time, out-of-pocket expenses, invasion of privacy, and emotional distress for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory, actual, and punitive damages, as well as his costs of the action together with reasonable attorney's fees after Plaintiff establishes Defendants' liability.

**Defendants:**

**Defendant Trans Union:**   As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, removed the information as appropriate, and timely reported the results of the investigation to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely

upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, College Avenue Student Loan Servicing, LLC, and Experian, and/or potential third parties. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant College Ave**: College Ave denies that it is liable to Plaintiff and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of College Ave. College Ave respectfully reserves the right to supplement this summary if necessary as this case and the facts develop.

**Defendant Experian:** This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful actions or inactions of Experian. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein.

**4. Specify the allegation of federal jurisdiction.**

This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Neither Trans Unions nor Experian are aware of any additional parties at this time. The parties reserve the right to revisit as discovery progresses.

College Ave is determining whether to add University Accounting Service, LLC, the loan sub-servicer for the accounts at issue.

**7. List anticipated interventions.**

The parties do not anticipate any interventions, at this time.

**8. Describe class-action issues.**

Not applicable.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agreed to exchange the Initial Disclosures required by Fed. R. Civ. Pro. 26(a) on or before February 18, 2025.

**10. Describe the proposed agreed discovery plan, including:**

   **A. Responses to all the matters raised in Rule 26(f).**

   Plaintiff intends to seek discovery on:

   1. Defendants' defenses;
   2. Defendants' policies and procedures;
   3. Documents that relate to Plaintiff or Plaintiff's claims;
   4. Plaintiff's damages;
   5. Other similar incidents concerning Defendants; and,
   6. Defendants' net worth.


   **Trans Union:** Based on what is presently known, Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the disputed account(s), communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate her alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report,; and any other issues raised by the pleadings or discovery.

   **College Ave:**  College Ave intends to conduct discovery of the same categories of information listed by Trans Union and Experian, the reasons why Plaintiff failed to submit the fraud packet that College Ave requested, and any other issues raised by the pleadings or discovery.

   **Experian** expects to seek discovery on the following:

   - Whether Plaintiff has stated any claims upon which relief may be granted;

   - Whether any consumer report prepared by Experian contained an inaccuracy;

4

- Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

- Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

- Whether Plaintiff suffered any damage as a result of any action(s) or inaction(s) of Experian;

- Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

- Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

- Whether Plaintiff is entitled to statutory damages pursuant to the FCRA; and

- Whether Plaintiff has already been compensated, for the injuries alleged here, by another party or parties with whom he has settled claims arising from the same facts.

**Electronic Service of Discovery and Remote Depositions:** The parties agreed to electronic service of discovery by electronic mail and responses will be due to be served thirty-three (33) days thereafter. The parties agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email if requested. The parties also agreed to discuss conducting depositions by video using Zoom or similar web-based platform.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff intends on serving the defendants Experian and Trans Union with interrogatories on or before March 7, 2025. Plaintiff served interrogatories on Defendant College Ave on February 5, 2025.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Trans Union intends on serving Plaintiff with interrogatories on or before March 7, 2025.

College Ave intends on serving Plaintiff with interrogatories and potentially the other Defendants as well, if needed, within thirty (30) days after receiving Plaintiff and Defendants' Initial Disclosures.

Experian intends on serving interrogatories to Plaintiff on or before March 21, 2025.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates serving each defendant with a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on or before June 6, 2025. Plaintiff also anticipates serving fact witnesses, including but not limited to the persons who processed disputes related to Plaintiff or the subject accounts, or both, on behalf of College Ave with a notice of deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure on or before July 18, 2025.

The parties otherwise agreed to serve written discovery and attend mediation prior to the occurrence of any depositions.

**E. Of Whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral deposition of Plaintiff by June 6, 2025, and any other witnesses identified by Plaintiff or any party having knowledge related to Plaintiff's allegations and alleged damages or Defendants' defenses, and any third-party witnesses with knowledge regarding Plaintiff's alleged damages and the allegations against Defendants before the close of discovery.

The parties otherwise agreed to serve written discovery and attend mediation prior to the occurrence of any depositions.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate and provide the disclosures required by Rule 26(a)(2)(B), on or before August 11, 2025.

Defendants shall designate and provide the disclosures required by Rule 26(a)(2)(B) on or before September 10, 2025.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

In the event the defendants designate an expert and provide the appropriate disclosures, Plaintiff anticipates deposing the defendants' expert(s) on or before October 10, 2025.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).**

In the event Plaintiff designates an expert(s), pursuant to Rule 26(a)(2)(B), Defendants anticipate deposing the plaintiff's expert(s) on or before October 10, 2025.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

**13. State the date the planned discovery can reasonably be completed.**

    November 24, 2025.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed informally exchanging non-confidential non-privileged documents to enable Plaintiff to make an early demand. The defendants have informally produced documents to Plaintiff and the parties are engaged in independent and confidential settlement discussions.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

    On December 17, 2024, Plaintiff asked Defendant College Ave to informally produce certain documents to allow Plaintiff to evaluate an early demand. On December 20, 2024, Defendant College Ave informally produced some of the requested documents to Plaintiff.

    On December 5, 2024, Plaintiff asked Defendant Experian to informally produce certain documents to allow Plaintiff to evaluate an early demand. On January 6, 2025, Defendant Experian informally produced the requested non-confidential documents to Plaintiff.

    On December 5, 2024, Plaintiff asked Defendant Trans Union to informally produce certain documents to allow Plaintiff to evaluate an early demand. On January 6, 2025, Defendant Trans Union informally produced some of the requested documents to Plaintiff.

    Since receipt of the informal document production, Plaintiff has engaged in confidential and independent settlement discussions with each defendant.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.**

    The parties agreed that a private mediator may be an effective alternate dispute resolution technique after completion of written discovery by the parties.

**17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties did not unanimously consent to magistrate jurisdiction.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff's jury demand was made contemporaneously with the filing of the Complaint and was made on time.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates 6-8 hours per defendant, to present evidence in this case.

At this time, Defendants anticipate it will take approximately 6-8 hours per party to present evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff notified Defendants of Plaintiff's intention to seek discovery on the defendants' internal documents, including but not limited to policies and procedures. Prior to the parties' planning meeting, Plaintiff circulated a draft protective order for the defendants' review and consideration. The parties agreed to work together in good faith to draft a joint stipulated protective order and file the same before the deadline for any party to respond to discovery.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Micah S. Adkins
(Attorney-in-Charge)
TX BAR NO. 24088777
S.D. TX BAR NO. 2338097
**THE ADKINS FIRM, P.C.**
8150 N. Central Expy., Suite 1000
Dallas, Texas 75206
Telephone: (214) 974.4030
MicahAdkins@ItsYourCreditReport.com
*COUNSEL FOR PLAINTIFF*
*TUAN VU TRAN*

Cheryl L. Blount
State Bar. No. 24076279
Fed. I.D. No. 1447418
cblount@reedsmith.com
Chris Watt
State Bar No. 24033314
Fed. I.D. No. 32149
cwatt@reedsmith.com
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
*COUNSEL FOR DEFENDANT*
*COLLEGE AVENUE STUDENT LOAN SERVICING, LLC*

Nathan W. Richardson
(Attorney-in-charge)
Texas State Bar No. 24094914
SDTX Bar No. 24094914
KASOWITZ BENSON TORRES LLP
1415 Louisiana Street, Suite 2100
Houston, TX 77002
(713) 220-8800
(713) 222-0843 (fax)
NRichardson@kasowitz.com
*COUNSEL FOR DEFENDANT*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

Marc F. Kirkland
Attorney-in-Charge
Texas Bar No. 24046221
Southern District No. 852366
mkirkland@qslwm.com

9

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Tel: (214) 560-5454
Fax: (214) 871-2111
*COUNSEL FOR DEFENDANT*
*TRANS UNION LLC*


 /s/ Micah S. Adkins                     February 18, 2025
COUNSEL FOR PLAINTIFF          DATE
TUAN VU TRAN

/s/ Cheryl L. Blount                      February 18, 2025
COUNSEL FOR DEFENDANT     DATE
COLLEGE AVENUE STUDENT LOAN
SERVICING, LLC

/s/ Nathan W. Richardson              February 18, 2025
COUNSEL FOR DEFENDANT     DATE
EXPERIAN INFORMATION
SOLUTIONS, INC.

/s/ Marc. F. Kirkland                      February 18, 2025
COUNSEL FOR DEFENDANT     DATE
TRANS UNION LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, I filed the foregoing paper using the CMECF System, which will electronically serve notification of same on the following counsel of record:

Cheryl L. Blount
Chris Watt
1221 McKinney Street, Suite 2100
Houston, Texas 77010

Nathan W. Richardson
KASOWITZ BENSON TORRES LLP
1415 Louisiana Street, Suite 2100
Houston, TX 77002

Marc F. Kirkland
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75078

                                                */s/ Micah S. Adkins*
                                                Micah S. Adkins